LUCAS *v.* THE STATE.

1. The indictment being for keeping open a tippling-house on the Sabbath-day, and there being evidence on which to base the charges complained of, there was no error in charging that if the accused owned and controlled a retail liquor-shop and upon any Sabbath-day within two years prior to the finding of the indictment that house was kept open, he would be guilty; nor in charging that if the accused was at the door of such house and told another

to go in and get whisky, and the latter did so and was served with whisky by the wife or clerk of the accused, the offence would be complete.

2. The following charge: " If the evidence satisfies you that this man was in charge of the bar and the open door whether any liquor was sold or not, either on that day or any other time within two years prior to the finding of the indictment, you ought to convict him," in the light of the evidence doubtless meant that being in charge of the open door of a bar-room on any Sabbath-day within the two years mentioned would be sufficient to authorize a verdict of guilty, whether liquor was actually sold on any Sabbath-day within that period or not. So construed there would be no error; but even if the charge was misleading, it will not require a new trial in this case, the verdict being imperatively demanded by the evidence.    *Judgment affirmed.*

April 10, 1893.

Indictment for keeping open a tippling-house on the Sabbath-day. Before Judge Bartlett. Bibb superior court. November term, 1892.

John R. Cooper, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, *contra*.

---

